O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CASSANDRA LYNN RAHN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 2:17-cv-02491-JDE<br><br>MEMORANDUM OPINION AND ORDER |

　　　Plaintiff Cassandra Lynn Rahn ("Plaintiff") filed a complaint on March 30, 2017, seeking review of the denial of her application for Supplemental Security Income ("SSI") benefits by the Commissioner of Social Security ("Commissioner" or "Defendant"). Pursuant to consents of the parties, the case has been assigned to the undersigned Magistrate Judge for all purposes. Consistent with the Order Re: Procedures in Social Security Appeal, on February 9, 2018, the parties filed a Joint Stipulation addressing their respective positions. Dkt. No. 21 ("Jt. Stip."). The matter is now ready for decision.

# I.
# BACKGROUND

On November 4, 2013, Plaintiff applied for SSI, alleging disability beginning December 1, 2009. Administrative Record ("AR") 246-54. After her application was denied initially (AR 142) and on reconsideration (AR 207-12), Plaintiff requested an administrative hearing, which was held on July 6, 2016. AR 77-119. Plaintiff appeared and testified at the hearing before an Administrative Law Judge ("ALJ"), as a vocational expert ("VE"). Id.

On September 16, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. AR 29-45. The ALJ determined that Plaintiff suffered from the following severe impairments: "chronic obstructive pulmonary disease; degenerative disc disease; mild degenerative joint disease, bilateral knees; affective disorder; anxiety disorder." Id. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work, with the following limitations: "simple instructions; some routine tasks; no constant high production pace; occasional work with or in proximity to others; off task up to 10% of the time, but not constantly; occasionally work with public, coworkers, and supervisors; unlimited balancing; occasional all other posturals; occasional reaching overhead bilaterally; avoid concentrated exposure to fumes, odors, dusts, gases." AR 36. The ALJ further found that Plaintiff was incapable of performing past relevant work as a rubber goods inspector. AR 38. The ALJ determined Plaintiff was capable of performing the following jobs that exist in significant numbers in the national economy: marker, retail (Dictionary of Occupational Titles ("DOT") 209.587-034), housekeeper/cleaner (DOT 323.687-014), and advertiser materials distributor (DOT 230.687-010) and concluded Plaintiff was not disabled. AR 39.

Plaintiff filed a request with the Appeals Council for review of the ALJ's decision. AR 26-27. On January 31, 2017, the Appeals Council denied Plaintiff's

request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. This action followed.

## II.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision denying benefits to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence" is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 522-23 (9th Cir. 2014) (citations and internal punctuation omitted). The standard of review of a decision by an ALJ is "highly deferential." Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (citation omitted). Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing and remanding the Commissioner's decision. 42 U.S.C. § 405(g).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may only review the reasons provided by the ALJ in the disability determination, and may not

affirm the ALJ on a ground upon which the ALJ did not rely. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

Lastly, even if an ALJ erred, a reviewing court will still uphold the decision if the error was inconsequential to the ultimate non-disability determination, or where, despite the error, the ALJ's path "may reasonably be discerned," even if the ALJ explained the decision "with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations, internal punctuation omitted).

## III.
## DISCUSSION

The parties present one issue: "Whether an unexplained conflict exists between the [VE's] testimony and the information in the DOT which would warrant reversal." Jt. Stip. at 4. Plaintiff argues that the testimony offered by the VE upon which the ALJ relied at step five of the disability determination, was in conflict with the occupational requirements in the DOT. Id. at 6-10. The Commissioner responds that the ALJ fully considered Plaintiff's impairments in assessing her ability to perform work and that the ALJ's reliance on the VE's testimony was sound and supported by substantial evidence. Id. at 10-15.

### A. Applicable Law

If a claimant establishes that he is unable to perform his past work at step four, the burden shifts to the Commissioner at step five "to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations." Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995); see also 20 C.F.R. § 404.1560(g). At step five, the ALJ may rely on the DOT and testimony from a VE to assess a claimant's ability to perform certain jobs in light of his RFC. 20 C.F.R. §§ 404.1566(e); 404.1569; 404.1566(d); Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009). As part

of this process, occupational information provided by a VE should generally be consistent with the DOT. SSR 00-04, 2000 WL 1898704, at *2, (Dec. 4, 2000).

However, when there is an apparent conflict between the VE's testimony and the DOT, the ALJ must elicit a reasonable explanation for the conflict from the VE before relying on the VE to support a determination or decision about whether the claimant is disabled. Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007). In order for a VE's testimony to be fairly characterized as in conflict with the DOT, the conflict must be "obvious or apparent." Lamear v. Berryhill, 865 F.3d 1201, 1205 (9th Cir. 2017) (quoting Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016)); Zavalin v. Colvin, 778 F.3d 842, 845-46 (9th Cir. 2007) (noting that "when there is an apparent conflict between the [VE's] testimony and the DOT – for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear to be more than the claimant can handle – the ALJ is required to reconcile the inconsistency); see also SSR 00–4p, 2000 WL 1898704, at *2 ("When there is an apparent unresolved conflict between VE or [vocational specialist 'VS'] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency."); id. at *4 ("When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT.").

The Ninth Circuit has recently decided two cases involving claims that an ALJ failed to reconcile an "obvious and apparent" conflict between VE testimony and DOT descriptions. In Gutierrez, the court held that the ALJ, who found that

5

the plaintiff had an RFC that limited her from lifting more than five pounds above her shoulder, "did not err by not asking the [VE] more specific questions regarding a claimant's ability to reach overhead as part of a cashier's job." Gutierrez, 844 F.3d at 806-07. The court found no obvious or apparent conflict between the DOT's description of a cashier's responsibilities and the RFC's limitation, noting "not every job requires the ability to reach overhead," and found, as "anyone who's made a trip to the corner grocery story" knows, bi-lateral overhead reaching is not a likely or foreseeable part of cashiering duties. Id. at 808.

By contrast, in Lamear, the Ninth Circuit held that an ALJ erred in not questioning a VE about a conflict between a claimant's limitations and the DOT descriptions. Lamear, 865 F.3d at 1205-06. The ALJ had found that the claimant could only occasionally "handle, finger and feel with the left hand." Id. at 1205. The ALJ accepted, without further questioning, a VE's opinion that the claimant could perform work as an office helper, mail clerk, or parking lot cashier– tasks which under the DOT descriptions required workers to "'frequently' engage in handling, fingering, and reaching." Id. The DOT was silent as to whether such actions required both hands. Id. The court concluded that the descriptions of the duties in the DOT "strongly suggest[ed] that it is likely and foreseeable" that requirements of the occupations conflicted with the RFC, requiring evidence to justify or explain the apparent inconsistency. Id. at 1206-06.

The court in Lamear reiterated that the "'requirement for an ALJ to ask follow up questions is fact-dependent.'" Lamear, 865 F.3d at 1205 (quoting Gutierrez, 844 F.3d at 808). However, the court instructed that an ALJ "should ordinarily ask the VE to explain in some detail why there is no conflict between the DOT and the applicant's RFC." Id. The court concluded that

when a conflict is found, if the record, the applicable DOT, or "common experience" do not reconcile the conflict, the error is not harmless. Id. at 1206.

### B. Analysis

Plaintiff argues that the DOT descriptions of all of the jobs identified by the VE conflict with the limitations contained in Plaintiff's RFC regarding reaching and social limitations. Jt. Stip. at 6-9. Specifically, Plaintiff argues that: (1) Plaintiff's limitation to occasional overhead reaching conflicts with the descriptions of all three occupations the ALJ determined Plaintiff could perform; (2) the ALJ failed to explain how the listed occupations could be performed given Plaintiff's limitation of being off-task 10% of the time; and (3) the ALJ failed to resolve an obvious conflict between her RFC and the DOT description for an advertising-material distributor. Id.

Preliminarily, the Court notes that the ALJ did inquire of the VE whether his opinion conflicted with the occupational requirements in the DOT. AR 112. The ALJ further requested that the VE note any deviation between the testimony and the DOT and the reason for such deviation. Id. However, "[t]he ALJ is not absolved of this duty [to reconcile conflicts] merely because the VE responds 'yes' when asked if her testimony is consistent with the DOT." Moore v. Colvin, 769 F.3d 987, 990 (8th Cir. 2014) (cited approvingly in Lamear, 865 F.3d at 1205 n.3). In fact, "[w]hen there is an apparent conflict between the vocational expert's testimony and the DOT . . . the ALJ is required to reconcile the inconsistency. Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2015) (emphasis added).

### 1. Marker & Housekeeper

The DOT descriptions for marker and housekeeper state that reaching may be frequent, that is, from one-third to two-thirds of the time. DOT 209.587-034, 323.687-014. At the administrative hearing, the VE testified that a person limited to only "occasional bilateral reaching overhead" could perform work as a marker

and housekeeper. AR 113-15. The reaching limitation was included in Plaintiff's RFC. AR 36, 39. The Court finds this limitation is at odds with the DOT descriptions and what common experience would dictate the work of a price marker[1] and hotel housekeeper[2] would require.

In addition to the DOT's reference to frequent reaching, the tasks described include tasks for which "overhead work" appears reasonably likely and foreseeable to occur. For marker, those tasks include sorting, replenishing supplies, and marking items, which by their nature appear to contemplate overhead work. Of note, with respect to the occupation of stocking clerk, with many responsibilities similar to those of a marker, the Ninth Circuit found, as "anyone who's made a trip to the corner grocery store knows, . . . a clerk stocking shelves has to reach overhead frequently." Gutierrez, 844 F.3d at 808. For housekeeper in a hotel, overhead work seems reasonably likely and foreseeable in connection with frequent placing of linens and towels in overhead storage space, overhead dusting,

---

[1] "Marks and attaches price tickets to articles of merchandise to record price and identifying information: Marks selling price by hand on boxes containing merchandise, or on price tickets. Ties, glues, sews or staples price ticket to each article. Presses lever or plunger of mechanism that pins, pastes, ties, or staples ticket to article. May record number and types of articles marked and pack them in boxes. May compare printed price tickets with entries on purchase order to verify accuracy and notify supervisor of discrepancies. May print information on tickets, using ticket-printing machine (TICKETER (any industry); TICKET PRINTER AND TAGGER (garment)]." DOT 209.587-034.

[2] Cleans rooms and halls in commercial establishments, such as hotels, restaurants, clubs, beauty parlors, and dormitories, performing any combination of following duties: Sorts, counts, folds, marks, or carries linens. Makes beds. Replenishes supplies, such as drinking glasses and writing supplies. Checks wraps and renders personal assistance to patrons. Moves furniture, hangs drapes, and rolls carpets. Performs other duties as described under CLEANER (any industry) I Master Title. May be designated according to type of establishment cleaned as Beauty Parlor Cleaner (personal ser.); Motel Cleaner (hotel & rest.); or according to area cleaned as Sleeping Room Cleaner (hotel & rest.). DOT 323.687-014.

8

and cleaning of raised fixtures, mirrors, and windows, as well as the DOT's reference to "hang[ing] drapes." See DOT 323.687-014.

Although the DOT descriptions do not specify the direction of the reaching and the occupations do not expressly require "overhead" reaching, the Court finds that the ALJ was faced with an apparent conflict between the VE's testimony and tasks that are "essential, integral, or expected" to be performed by a marker and housekeeper. Gutierrez, 844 F.3d at 808 (emphasis added). Having found that a conflict was obvious and apparent, the Court finds that the ALJ erred in not inquiring further of the VE to clarify the conflict with respect to these occupations. The general question to the VE about conflicts with the DOT was not sufficient. Id. at 808-09; see also Zavalin, 778 F.3d at 846; Moore, 769 F.3d at 990. As the Court finds the unresolved conflict as to the reaching limitation constituted error, it will not reach the parties' respective arguments on the off-task limitation relative to the marker and housekeeper occupations.

### 2. Advertising-Material Distributor

#### a. Reaching

The Court finds no obvious or apparent conflict between the VE's testimony and the DOT description of the occupation of advertising-material distributor with respect to reaching (DOT 237.367-018).[3] Although the DOT description references "frequent reaching," as the Ninth Circuit has held, "not every job that involves reaching involves reaching overhead." Gutierrez, 844 F.3d at 808. Nothing in the DOT description refers to activities or actions that would appear to involve any

---

[3] "Distributes advertising material, such as merchandise samples, handbills, and coupons from house to house, to business establishments, or to persons on street, following oral instructions, street maps, or address lists. May be designated according to type of advertising material distributed as Handbill Distributor (any industry); Pamphlet Distributor (any industry); Sample Distributor (any industry)." DOT 230.687-010. Reaching may be frequent; required from one-third to two-thirds of the time. See id.

9

overhead work. Further, to the extent that "common experience" is of assistance, common experience of advertising material distribution, does not involve overhead reaching. Id. In fact, based upon the DOT's description, advertising-material distributors appear even less likely to be required to reach overhead than cashiers. Compare DOT 230.687-010 with DOT 211.462-010. The ALJ did not err in not further inquiring as to this issue.

### b. Time off-task

Plaintiff argues that the work of an advertising-material distributor conflicted with the assessed limitation of being off-task 10% of the time. Jt. Stip. at 9. The Court finds that the VE's testimony was not in obvious or apparent conflict with the DOT description. See Arellano v. Colvin, No. EDCV 15-192 FFM, 2016 WL 3031770, at *6 (C.D. Cal. May 25, 2016) (concluding that the VE did not deviate from the DOT when she testified a claimant could perform certain occupations - cashier, office helper, and storage facility clerk - while needing to spend up to 10 % of the workday off-task); Smith v. Colvin, Case No. EDCV 15-01916-KES, 2016 WL 3456906, at *2 (C.D. Cal. June 22, 2016) (no inconsistency with DOT where VE testified claimant could perform work as a storage facility clerk, mail clerk, or office helper despite limitation of being off-task 10 % of the time); Calvey v. Astrue, No. CV 12-0472-JPR, 2013 WL 180033 (C.D. Cal. Jan. 17 2013) (no inconsistency with DOT where VE testified claimant could work as a housekeeper with limitation of being off-task 10% of the time). The sole case cited by Plaintiff, Ibach v. Colvin, Case No. EDCV 15-2647-AJW, 2017 WL 651940 (C.D. Cal. Feb. 15, 2017), does not alter the analysis, as in that case, the court found that the "ALJ did not need to obtain further clarification from the VE." Id. (citing Gutierrez, 844 F.3d at 808). The ALJ did not err on this issue; there was no obvious or apparent conflict between the DOT and VE's testimony with respect to the limitation of being off-task up to 10% of the time for advertising material distributor.

### c. Work with the public

Plaintiff argues that the occupation of advertising-material distributor requires frequent interaction with the public, in direct conflict with her limitation to only "occasional[] work with [the] public." Id. at 9-10. Social Security regulations define "occasional" activity as occurring very little to up to one-third of the time. SSR 83-10, 1983 WL 31251, at *5. Defendant offers no argument in opposition on this issue. The Court finds that the ALJ erred in failing to resolve an obvious and apparent conflict between the VE's testimony and the DOT.

As noted, "[i]f the expert's opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the [DOT], then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled." Gutierrez, 844 F.3d at 807. The conflict must be obvious or apparent to trigger the ALJ's obligation to inquire further. Id. at 808. "This means that the testimony must be at odds with the [DOT's] listing of job requirements that are essential, integral, or expected." Id.

The DOT provides a general statement that the occupation of advertising-material distributor requires distributing materials "from house to house, to business establishments, or to persons on street . . . ." DOT 230.687-010. Plaintiff asserts that "[t]he tasks described by the DOT specifically involve working with the public." Jt. Stip. at 10. The Court agrees. In fact, the Court notes that the conflict is even more apparent with the RFC's limitation to only "occasional work with or in proximity to others." AR 36.

The DOT's description of this occupation strongly suggests it is likely and foreseeable that working with the public or "in proximity to others" would be frequent, if not necessary, to perform "essential, integral, or expected tasks in an acceptable and efficient manner." Lamear, 865 F.3d at 1205. To the extent

"common experience" provides guidance, it is difficult to imagine the performance of the job of advertising-material distributor without being in proximity to others.

Thus, the Court finds that the conflict between the VE's testimony and the DOT with respect to the advertising-material distributor was obvious and apparent and the ALJ had an obligation to inquire further of the VE to reconcile the conflict, and the ALJ's general inquiry into conflicts was not sufficient. See Gutierrez, 844 F.3d at 808-09; see also Zavalin, 778 F.3d at 846; Moore, 769 F.3d at 990. The Court further finds that the errors identified were not harmless. See Lamear, 865 at 1206.

### C. Remand is Appropriate

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman, 211 F.3d at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). A remand for further proceedings is appropriate where outstanding issues must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled and award disability benefits. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Here, the Court concludes that remand to the Commissioner for further administrative proceedings is warranted. On remand, the ALJ conduct such further proceedings and take such further testimony from a VE to resolve the conflicts identified herein or make any other determinations as may be warranted.

## IV.
## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

DATED: February 23, 2018

_____
JOHN D. EARLY
United States Magistrate Judge